IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MICHAEL MOORE, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 25-1272-BAH |
| MAYOR BRANDON SCOTT ET AL., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Michael Moore ("Moore"), proceeding *pro se*, filed suit pursuant to 42 U.S.C. § 1983 against Baltimore Mayor Brandon Scott ("Mayor Scott"), Officer P.F. Wilcox ("Wilcox"), and attorney Robert Leonard ("Leonard") (collectively "Defendants") alleging the violation of his civil rights under color of state law. ECF 1, at 1.[1] Specifically, Moore initially alleged that "Defendants conspired to target [him] with three attempts on [his] life" allegedly occurring in 2021, 2022, and 2025. *Id.* Moore subsequently amended or supplemented those allegations numerous times.[2] Pending before the Court are over a dozen motions and requests filed by Moore,

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[2] Moore filed his complaint on April 21, 2025. ECF 1. On July 9, 2025, he filed a document entitled a "Revised Amended Complaint Section" which sought to "retain valid claims from the April 21, 2025 complaint" against Mayor Scott, Wilcox, and Leonard and update the allegations against Leonard "to address Leonard's motion to dismiss." ECF 26, at 1. On July 24, 2025, Moore again filed a motion seeking "Amendment to Claims" pursuant to Fed. R. Civ. P. 15(a) and adding additional allegations. ECF 37. On August 8, 2025, Moore filed a similar motion to the one filed on July 24 seeking to "adjust[] the total damages sought against [Mayor Scott] from $600,000,000 to $350,000,000." ECF 41, at 1. On August 28, 2025, Moore filed a "supplemental memorandum" which was offered to "clarif[y] the claims" previously filed, attaching a number of exhibits. *See*

and several filed by Mayor Scott and Leonard.  The Court has reviewed these filings and any memoranda or documentation in support and concludes that no hearing is necessary on any of the pending motions.  *See* Loc. R. 105.6 (D. Md. 2025).  For the reasons noted below, the Court **GRANTS** Moore's motion to amend his complaint, ECF 37, and further **GRANTS** the motions to dismiss filed by Mayor Scott, ECF 46, and Leonard, ECF 16 and ECF 27.  The Court will exercise its independent authority to dismiss the claim against Wilcox.  The Court will also deny on the merits two motions for sanctions, ECF 5 and ECF 49, and will address remaining requests for relief in the final paragraph of this opinion.  Ultimately, all claims are **DISMISSED WITH PREJUDICE** and the Clerk is instructed to close this case.

I.        **Procedural History**

Moore previously filed suit against Mayor Scott, Wilcox, and Leonard in 2024.  *See generally Moore v. Scott et al.*, Civ. No. 24-2210-BAH.  In that matter, Moore appeared to allege that all three co-defendants conspired to deprive Moore of his constitutional rights during incidents beginning in 2019 and including alleged misconduct by Wilcox during the pendency of a state criminal case.  *See* Civ. No. 24-2210-BAH ECF 13, at 2–3.[3]  In that prior case, as here, Moore proceeded pro se.  *See id.*  The Court thus conducted the screening process required under 28 U.S.C. § 1915(e)(2)(B) and initially ruled that Moore's complaint, and an amended complaint, failed to state a plausible claim for relief against any defendant, and the Court offered Moore the opportunity to address noted deficiencies.  *See* Civ. No. 24-2210-BAH ECFs 9 & 17.  When Moore failed to do so, the case closed on April 11, 2025.  *See* Civ. No. 24-2210-BAH ECF 23.

_____

ECF 63.  On October 6, 2025, Moore filed another motion to amend his complaint, seeking to increase the damages sought "specifically against [Mayor Scott]" to $750,000,000.  ECF 76, at 2.

[3] Unless expressly noted (as here), citations to the docket refer to filings made in Civil No. 25-1272-BAH.

Just ten days later, on April 21, 2025, Moore again filed suit against Mayor Scott, Wilcox, and Leonard raising similar allegations to those dismissed in the prior case. *See* ECF 1. Specifically, Moore again claimed that when he "turned himself in at White Marsh Precinct 9 for a house arrest violation," Wilcox "illegal[ly] fingerprint[ed] him," "alter[ed] evidence," and "attempt[ed] to murder" him. *Id.* Moore adds that while he was in custody in 2022 at the Maryland Reception Diagnostic Classification Center ("MRDCC"), "a fire" apparently broke out, which Moore alleges was "enabled by the Safe Streets payment." *Id.* at 3.

Moore also alleged that "[a]fter filing federal case 24-cv-2210," a stabbing "occurred" which Moore contends was "retaliatory [and] linked to Defendants' conspiracy." *Id.* He alleged that "Leonard, in concert with Scott and Wilcox, covered up Wilcox's misconduct, the MRDCC fire, and stabbings by omitting email communications, shown in a video of admitted guilt and emails." *Id.* Moore further takes issue with what appears to be state proceedings in a tort matter (24-C-23-005039)[4] related to the MRDCC fire and also alleges that a warrant issued for his arrest in April of 2025 was "defective," citing to an article from a local news website detailing an alleged physical assault on Mayor Scott perpetrated by Moore in 2020. *Id.* (citing Fern Shen, *Man summoned by sheriff after Scott punching incident says he won't go*, BaltimoreBrew (Feb. 8, 2020, at 5:12 ET), https://baltimorebrew.com/2020/02/08/man-summoned-to-court-in-scott-punching-incident-says-he-wont-go).

---

[4] The Court takes judicial notice of Baltimore City Circuit Court Case No. 24-C-23-005039 in which Moore filed suit against the Maryland Department of Public Safety and Correctional Services. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (per curiam) (noting that a "district court may clearly take judicial notice of [state court] public records"). On October 21, 2025, summary judgment was granted in favor of the defendant in that case and the matter was closed.

As for his claims for relief, Moore initially alleged in Count 1 a violation of 42 U.S.C. § 1983 by all three defendants "by conspiring to orchestrate three attempts on [Plaintiff's] life: the 2021 house arrest violation incident, the January 2, 2022, MRDCC fire, and a stabbing to stop tort claim 24C23005039." *Id.* at 3. He claims that Mayor Scott "orchestrated the conspiracy via Safe Streets," that "Wilcox executed the first attempt," and alleges that "Leonard covered all attempts via email omission." *Id.* Count 2 alleged an "unlawful seizure and due process violation" stemming from Moore's detention on a "defective warrant for gun possession in April of 2025." *Id.* at 4. Count 3 alleged that Wilcox engaged in "illegal fingerprinting with clear Scotch tape, tampering, attempted murder, unlawful chokehold, and abuse of power in 2021, captured on body camera footage and reports." *Id.* Count 4 alleged that "Leonard, in concert with state actors, violated Plaintiff's Fourteenth Amendment rights by covering up Wilcox's misconduct, the MRDCC fire, and stabbings through email omission, shown in the guilt video and emails" and "prolonged the conspiracy." *Id.* Moore seeks injunctive relief, expungement of his 2025 arrest, and $600 million in punitive damages. *Id.* at 5.

On April 23, 2025, Moore filed a "Motion to Address Clerical Error, Attorney Misconduct, Defective Motion for Extension, Alleged Collusion, and for CM/ECF Access." ECF 5. In that filing, Moore appears to allege that he sent "interrogatories" to "Defendant's counsel" and later attempted to file the same with the Court. *Id.* at 2. He alleges that counsel "and others, potentially the Clerk's Office, colluded to obstruct [his] case by denying receipt, misfiling [Moore's interrogatories], and submitting a defective motion the same day." *Id.*

After Moore addressed deficiencies with his summons, the docket reflects that Defendants were served by the United States Marshals on June 11, 2025. *See* ECFs 13, 14 & 15. Defendants' responsive pleadings were due by July 2, 2025. *Id.* On June 26, 2025, Leonard filed a motion to

dismiss.  *See* ECF 16.  After receiving a Rule 12/56 Notice, Moore sought to voluntarily dismiss his claims against Leonard on July 2, 2025, but noted that his proposed dismissal was "without prejudice" and subject to conditions, including an "apology" from Leonard.  *See* ECF 20, at 1.

On July 1, 2025, Moore moved for Default Judgment as to Mayor Scott.  ECF 18.  On July 3, 2025, Mayor Scott moved to dismiss the claims against him.  ECF 21.  A Rule 12/56 Notice related to Mayor Scott's motion was sent to Moore on July 7, 2025.  ECF 24.  Moore responded to the motion on July 8, 2025.  ECF 25.  More subsequently filed a "revised amended complaint" effectively repeating the allegation against Leonard included in the original complaint but labeling it as Count X.  ECF 26.  Leonard promptly filed a motion to dismiss the amended complaint.  *See* ECF 27.  Mayor Scott later filed a reply in support of his motion to dismiss.  *See* ECF 35.

On July 10, 2025, Moore filed a motion for summary judgment.  *See* ECF 28.  Moore also filed a "Motion to Correct Clerical Error, Declare Defendant Leonard's Motion to Dismiss Void, and Reinforce Plaintiff's Motion for Summary Judgment with Timeline by G.S. Michael T. Moore," and attached several exhibits to that filing.  *See* ECF 29.  Again, a Rule 12/56 Motion was mailed to Moore noting Leonard's filing and warning Moore of the consequences of failing to respond.  ECF 30, at 1–2.

On July 14, 2025, Defendants responded to Moore's motion for summary judgment.  *See* ECF 31.  Days later, Moore filed a "notice" updating the Court of filings made in a "related state tort case, Case No. 24-C-23-005039."  ECF 32, at 1.  Moore then filed a motion seeking default judgment against Mayor Scott and Wilcox on July 22, 2025, alleging that both failed to respond to Moore's complaint.  ECF 33, at 1.

On July 24, 2925, Moore filed a motion seeking to amend his claims and requesting "immediate release due to hardship."  ECF 37, at 1.  In this filing, Moore sought to add claims

against Mayor Scott related to an alleged "smear campaign" against Moore stemming from his work as a volunteer in 2020 on a mayoral campaign of a challenger to Mayor Scott. *Id.* Moore also alleges the loss of numerous "business ventures" and attempts to articulate additional grievances related to the theft of intellectual property, the loss of job opportunities, public humiliation, evictions, and more. *Id.* at 2–4.

On August 2, 2025, Moore again sought default judgment against Wilcox. ECF 40, at 1. Moore also sought to amend his claims, repeating many of the allegations noted in ECF 37. *See* ECF 41. Moore next filed a motion seeking "Judicial Notice of State Case Update, [] Summary Judgment, and [a] Request for Investigation" on August 5, 2025. *See* ECF 42.

On August 7, 2025, Mayor Scott filed a renewed motion to dismiss, *see* ECF 46, addressing the allegations contained in ECF 37. On August 9, 2025, Moore responded to Scott's renewed motion to dismiss. *See* ECF 48. Additionally, Moore filed a motion seeking sanctions against counsel in his "related" state case on August 13, 2025, *see* ECF 49, which essentially repeated the allegations noted in his initial request for sanctions filed at ECF 5 and added allegations that counsel was intentionally "delay[ing]" Moore's state case. ECF 49, at 1–2.

On August 27, 2025, Moore again sought default judgment as to Wilcox. ECF 60, at 1. On September 8, 2025, Moore filed a motion seeking the Court's acknowledgment of the default status of Wilcox and Mayor Scott. ECF 69. In a short response filed soon after, Mayor Scott argued that he was never in default pursuant to Fed. R. Civ. P. 55(b)(2) and thus cannot, by rule, have default judgment entered against him. ECF 71, at 2. Further, Mayor Scott noted that he timely filed a motion to dismiss and thus should not be held in default. *Id.* at 2–3.

On October 6, 2025, Moore filed a motion seeking to amend his complaint to increase the damages, *see* ECF 76, and then filed demands for a temporary restraining order ("TRO"), *see* ECF

78, and a preliminary injunction ("PI"), *see* ECF 79, both on October 20, 2025.  Moore also filed

what he has captioned as an "Urgent Amended Motion for Relief Under Fed. R. Civ. P. 15, 60(b),

and 65; Motion for Expedited Discovery and Injunctive Relief, and Supplement Allegations Tied

to Opioid Restit5ution Funds," *see* ECF 77.  Moore also recently filed a "Motion to Admit

Evidence," ECF 86, at 1, as well as a supplemental notice of "state retaliation proceeding,"

notifying the Court of case "24-c-23-005039" and requesting the Court to take judicial notice of

the case, to stay certain "federal deadlines 30 days for state resolution," and to schedule a status

conference, ECF 89, at 1.

The Court also notes that the docket is peppered with dozens of additional filings labeled

as supplements or correspondence from Moore, many repeating allegations noted in the above

filings and others raising grievances related to Moore's now-closed state court matter.  The Court

now attempts to untangle the gordian knot of filings in this case.

## II.    Legal Standard

Mayor Scott and Leonard move to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), which governs dismissals for failure to "state a claim upon which relief can be granted."

In considering a motion under this rule, courts discount legal conclusions stated in the complaint

and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court then draws

all reasonable inferences in favor of the plaintiff and considers whether the complaint states a

plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d

250, 253 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Because Plaintiff brings this suit *pro se*, the Court must liberally construe Plaintiff's pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Range v. Barton*, Civ. No. 6:08-0231, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III. Analysis

### A. Motions Alleging Attorney Misconduct

The Court first addresses ECFs 5 and 49, the motions alleging attorney misconduct. A close look at these filings reveals that Moore does not allege misconduct by counsel of record in *this* case. Instead, he takes issue with counsel in in his purportedly related state matter, a lawsuit that was closed earlier this month against state authorities related to the fire at MRDCC. *See supra* note 3. Even assuming it has the authority to do so, the Court declines to entertain sanctions for purported misconduct that occurred in state court in a separate state case and thus denies the motions at ECF 5 and ECF 49.

### B.  Motions to Dismiss by Leonard

The Court begins by addressing the allegations against Leonard.  Leonard first moves to dismiss the claims against him as "frivolous."  ECF 16-1, at 2.  Leonard also argues that the allegations fail to state claim or, in the alternative, that the claims must be dismissed because Leonard was not acting under "color of state law" as required for liability to attach under 42 U.S.C. § 1983.  *Id.*  Following the filing of an amended complaint revising some of the allegations against him, *see* ECF 26, Leonard again moved to dismiss all claims, *see* ECF 27.  In so moving, Leonard incorporated the earlier arguments raised in his first motion to dismiss and argued that the revised allegations must be dismissed because they, too, are frivolous or lack a basis in fact.  *Id.*

Both Moore's initial (ECF 1) and amended complaints (ECF 26)[5] fail to offer "more than labels and conclusions," *Twombly*, 550 U.S. at 555, and provide no factual detail sufficient to show that Moore has a "more-than-conceivable chance of success on the merits."  *Owens*, 767 F.3d at 396.  Moore alleges only that he retained Leonard as counsel in a "civil tort claim" and then pivots to the bare allegation that Leonard agreed to "cover up material facts" and make "false representations."  ECF 26, at 1.  Though Moore hints at specifics of Leonard's alleged misconduct by claiming Leonard "fil[ed] false documents" and "conceal[ed] evidence," Moore provides no comprehensible details related to what Leonard purportedly did that ran afoul of the law.  ECF 26, at 1.

Moore's response to Leonard's motions to dismiss, fashioned as its own motion to "declare [] Leonard's motion to dismiss void," ECF 29, fails to point the Court to allegations in either complaint sufficient to survive Leonard's challenge to the sufficiency of Moore's allegations. To

---

[5] It is unclear whether Moore sought to replace or supplement ECF 1 with the filing of ECF 26. The Court will cautiously assume that both documents contain the operative allegations against Leonard and thus will address the sufficiency of both.

the extent that ECF 28, Moore's first motion for summary judgment, serves as an opposition to Leonard's motion, it, too, fails to save Moore's unsupported and conclusory claims. That filing recounts an alleged stabbing of Plaintiff by an unnamed individual and a purportedly false accusation of misconduct made against Plaintiff by people other than Leonard. ECF 28, at 2. It also alleges misconduct by a Baltimore County detective who is not a defendant in this case. *Id.* As to claims against Leonard, Moore argues only that Leonard "falsely negotiated" with Mayor Scott to "stall[] this federal case," and claims to have attached emails purporting to support this claim to his original complaint. *Id.* at 3–4.[6] Moore also raises, for the first time, a claim that Leonard breached a contract with Moore by "fail[ing] to perform" promised legal duties and potentially claiming "tortious interference . . . with a legal or business opportunity." *Id.* at 4–5.

To the extent Moore makes allegations unrelated to his original complaint (or its amendments) in his subsequent filings, the Court will not entertain them here. Regardless, even affording lenience due to his pro se status, the claims Moore does attempt to raise against Leonard do not survive the 12(b)(6) standard.

In addition to failing to articulate wrongdoing on the part of Leonard, Moore fails to allege how Leonard—a private attorney purportedly representing Moore in an unrelated state case—was a state actor, a deficiency that, standing alone, dooms the viability of his claims. Section 1983 provides that "every person who, under color of any statute, ordinance, regulation, custom, or

---

[6] The emails referenced by Moore largely include missives sent by Moore to Leonard and others. Even if incorporated into the complaint, their relevance to the claims raised by Moore is difficult to determine, particularly when one email appears to explicitly reflect Leonard's ultimate decision *not* to represent Moore in litigation. ECF 1-4, at 6. Moore also attaches to his motion for summary judgment a letter sent in December of 2022 to the then-City Solicitor from a different attorney, Cary J. Hansel, an attorney affiliated with Leonard, making a settlement demand related to the fire at MRDCC occurring in January of 2022. ECF 28-1, at 2-3. As noted, subsequent communication reflects that any attorney/client relationship existing at the time the letter was sent was ultimately severed.

usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. A plaintiff raising a § 1983 violation must allege (1) a deprivation of a right or privilege secured by the Constitution and laws of the United States and that (2) the deprivation was caused by an individual acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Moore makes only conclusory allegations that Leonard worked "in concert" with Mayor Scott and Wilcox, ECF 1, at 3, bare-bones accusations that fail to raise a plausible claim that Leonard was a state actor. Dismissal of all claims against Leonard is warranted on this ground as well. *See Dyer v. Maryland State Bd. of Educ.*, 187 F. Supp. 3d 599, 604, 615–16 (D. Md. 2016) (dismissing § 1983 claim against attorneys because they were not state actors), *aff'd*, 685 F. App'x 261 (4th Cir. 2017).

"The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)). Dismissal with prejudice is appropriate where an amendment to the complaint would be futile. *Cozzarelli v. Inspire Pharmaceuticals, Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Moore has now tried unsuccessfully to makes plausible allegations against Leonard in multiple lawsuits and through the filing of multiple amended complaints. The Court will not permit additional opportunities to amend as they would be futile and serve merely to harass Leonard. As such, ECF 16 and ECF 27 are **GRANTED**, ECF 29 is **DENIED** as moot, all claims against Leonard are dismissed with prejudice.[7]

---

[7] The Court briefly addresses Moore's "notice of voluntary dismissal." ECF 20. Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may dismiss an action without a court order through "a notice of dismissal before the opposing party," here Leonard, "serves either an answer

### C. Motion to Dismiss by Mayor Scott

It is difficult to discern precisely what claims remain pending against Mayor Scott since

Moore has repeatedly sought to amend or supplement his allegations. *See supra* note 2. Under

Fed. R. Civ. P 15(a), a "party may amend its pleading once as a matter of course" as long as the

amendment occurs no later than "21 days after serving" the initial pleading or within "21 days

after service of a response pleading or 21 days after service of a motion under Rule 12(b), (e), or

(f), whichever is earlier." As noted, Moore initially filed suit against Scott on April 21, 2025. *See*

ECF 1. Scott moved to dismiss that complaint on July 3, 2025. *See* ECF 21. Moore opposed that

motion, *see* ECF 25, but later, on July 24, 2025, moved to amend the claims against Mayor Scott,

*see* ECF 37. This motion to amend fell within the 21-day window to amend pleadings as of right.

*See* Fed. R. Civ. P. 15(a)(1)(B). Mayor Scott opposed a further amendment, *see* ECF 52, and filed

a motion to dismiss the revised claims against Mayor Scott that Moore had filed at ECF 37. *See*

ECF 46. Moore was served with a Rule 12/56 notice, *see* ECF 47, and filed a response to the

motion to dismiss, *see* ECF 48. Since the parties are proceeding as though ECF 37 is the operative

complaint against Mayor Scott, the Court will **GRANT** Moore's motion to amend his complaint,

---

or a motion for summary judgment." On its face, Moore's dismissal would seem to fit the bill as
Leonard had neither answered nor filed a motion for summary judgment when the notice was filed.
However, a close look at Moore's purported notice of voluntary dismissal reveals that all is not as
it seems. As pointed out by Leonard, Moore's notice "dismisses all claims against Defendant
Robert Leonard, Esq., without prejudice, under Fed. R. Civ. P. 41(a)(1)(A)(i), *following
satisfaction of settlement terms, including an apology from Robert Leonard and attorney Laura
Steel*," Leonard's attorney. ECF 20, at 1 (emphasis added). As Leonard also points out, there was
no settlement and certainly no apology as Leonard takes the position that neither he nor his counsel
have "anything to apologize for." *See* ECF 23, at 1 n.1. Since Leonard's dismissal was not an
actual dismissal at all, and merely a request for the Court to acknowledge a non-existent settlement,
the Court **STRIKES** the notice of voluntary dismissal.

*see* ECF 37,[8] and will now addresses the merits of Mayor Scott's arguments in favor of dismissal of Moore's amended claims.[9]

Mayor Scott's primary argument in favor of dismissal is that Moore's amended complaint serves as little more than a "list of grievances" that come "without factual allegations or background to support them." ECF 46-1, at 4. Mayor Scott notes that the amended complaint references numerous people who appear to have no "connection to a claim in this matter" or alleges wrongdoing on the part of individuals other than Mayor Scott. *Id.* (noting Moore's allegations against "Detective Nesbitt," former Baltimore Mayor Sheila Dixon, and an individual identified as "Judge Thomas"). Since these claims "on their face have no relation to [] Mayor [Scott]," he argues that they "cannot constitute a cause of action against him" because they "fail even the most basic pleading standards." *Id.* at 4–5 (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555). Mayor Scott further contends that the claims are time-barred or that Moore is not entitled to the relief he requests because suits against a state actor in their "official capacity" do not permit a plaintiff to recover the types of damages Moore seeks. *Id.* at 5–6.

---

[8] To the extent that ECF 37 requests Moore's "immediate release" and any other relief, however, it is **DENIED**.

[9] Mayor Scott argues that since Moore did not "incorporate" the claims alleged in ECF 1 into his amended complaint, the allegations in ECF 37 "supersede the original [complaint] and renders it of no legal effect." ECF 46-1, at 3 (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)). Moore does not dispute this argument, and in fact makes specific reference to the amended complaint as being the operative pleading before the Court. ECF 48, at 3. Later, Moore filed an additional response, entitled a "reply" to Mayor Scott's opposition to the proposed amendment, again drawing the Court's attention to ECF 37 as the operative complaint. ECF 53, at 2. Accordingly, the Court will treat ECF 37 as the operative complaint against Mayor Scott because, "ordinarily, an amended complaint supersedes those that came before it." *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). ECF 37 is therefore **GRANTED** in part and ECF 21 is **DENIED** as moot. Moreover, the Court will treat ECF 41, which largely mirrors the allegations in ECF 37, as a *supplement* to that operative complaint and **DENIES** Moore's request to amend the complaint as moot. The Court also **DENIES** ECF 76 since it seeks only to amend the damages sought on claims that are dismissed pursuant to Fed. R. 12(b)(6).

Moore responds that the allegations he lodges in the amended complaint are "supported by Wilcox's 7-day body cam footage, the state tort law claim (24-C-23-5039), and news reports." ECF 48, at 5.  However, the alleged evidence Moore offers in support of his claims does little to address the critical deficiency identified by Mayor Scott:  Moore's complaints fail to allege wrongdoing by Mayor Scott with sufficient detail to "raise a right to relief about the speculative level."  *Twombly*, 550 U.S. at 555.  For example, Moore avers that Mayor Scott allegedly "masterminded" a "smear campaign" against Moore but provides no details of this "campaign" or what it allegedly entailed.  ECF 37, at 1.  Moore's claims of wrongdoing on the part of others, namely Det. Nesbit and Judge Thomas, are alleged in the amended complaint but with no connection to Mayor Scott.  *Id.* at 1–2.  And those claims that do appear to include reference Mayor Scott simply state, in conclusory terms, that he "caused" various ills without offering any explanation as to *what* Mayor Scott allegedly did or *how* he allegedly did it.[10]  These allegations are "too bare bones to raise a right to relief above the speculative level."  *Pearson v. Baltimore Cnty. Det. Ctr.*, Civ. No. PX-22-0158, 2023 WL 5433009, at *3 (D. Md. Aug. 23, 2023).

---

[10] For example, Moore alleges that Mayor Scott's "defamation to partners caused the collapse of" several non-profit initiatives that Moore was presumably involved in including Lifting Handz, We Want It Initiative, LLC, and Events with a Purpose.  ECF 37, at 2.  The amended complaint goes on to allege that Mayor Scott disrupted numerous other "deals," "business plans," cost Moore one "campaign," a "job with Shasta Bottling," and the "loss of a motorcycle," but all without ever offering any details as to what Mayor Scott actually did to bring about these unfortunate outcomes. *Id.* at 3.  Moore also asks that the Court take "judicial notice" of his state claims against the Department of Public Safety and Correctional Services in "Case No. 24-C-23-005039."  ECF 42, at 1.  To the extent the Court has reviewed ECF 42 and its attachments, the Court **GRANTS** the motion to take judicial notice but **DENIES** it in all other respects.  Moore's filing, and the attachments thereto, summarize or expand upon the allegations related to the fire at MRDCC and the litigation that followed, but all fail to connect the fire to Mayor Scott. *See generally* ECF 42.  In fact, the 22-page filing appears to reference Mayor Scott only three times, and even then only cursorily in the caption and filing's introductory first paragraph. *Id.* at 1.

14

Moore's effort to "amend" or "supplement" his vague allegations bring no further clarity to his claims. His subsequent amendments, even if allowed by the Court, only adjust the alleged damages owed by Mayor Scott. *See* ECF 41 (offering vague allegations of wrongdoing without support and amending damage calculations); ECF 76 (again seeking to modify damages). Moore recently filed a "Motion to Admit Evidence" in which he alleges that he is in possession of certain videos that may support his claims. ECF 86, at 1–2. Even if this evidence somehow supported Moore's allegations,[11] it cannot address the deficiencies noted in the operative complaint. Mayor Scott's motion to dismiss, ECF 46, is **GRANTED**. As was the case with the claims against Leonard, the Court notes that Moore has now had multiple attempts at curing the alleged infirmities in his allegations and has failed to do so, thus any further amendment to the complaint would be futile. *Cozzarelli*, 549 F.3d at 630. The dismissal of all claims against Mayor Scott is with prejudice.

### D. Remaining Claims against Wilcox

Moore alleges that he served Wilcox on June 11, 2025 when the U.S. Marshals Service[12] sent a summons and a copy of a complaint to "Peace Officer" P.F. Wilcox at an address in

---

[11] Moore seeks to admit a "recording from [his] cellphone, dated April 2024, showing [him] instructing one of the individuals involved in [his] stabbing to stay out of [his] room to avoid sexual encounters, demonstrating my protective intent and refuting false rape allegations." ECF 86, at 1. He also offers "[a] screen shot photo from a recording from the same cellphone, dated April 2024, showing one of the individuals posing in a non-sexual manner (modeling poses)" as well as "[a] photo from the same cellphone, dated April 2024, showing [him] bleeding from stab wounds before ambulance transport." *Id.* at 1-2. At best, this proffered evidence may substantiate the harm Moore alleges he suffered, but it still fails to connect the harm to Mayor Scott beyond implausible speculation. Regardless, since all claims against remaining defendants are dismissed, the motion to admit evidence (ECF 86) is **DENIED**.

[12] Since Moore is proceeding *in forma pauperis*, the Court directed the United States Marshals Service to effectuate service of process. *See Danik v. Hous. Auth. of Baltimore City*, 396 F. App'x. 15, 16 (4th Cir.2010) (citing 28 U.S.C. § 1915(d) (2006); Fed.R.Civ.P. 4(c)(3)).

15

Nottingham, MD.  ECF 14, at 1–2.  Wilcox's answer to the suit was due on July 2, 2025, but was never received.  Moore has repeatedly sought "default judgment" against Wilcox.  *See* ECF 33, at 1; ECF 40, at 1; ECF 58, at 2; ECF 60, at 1.  The Court will address these requests first.

Federal Rule of Civil Procedure 55 "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules."  *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).  "Rule 55 creates a two-step process for entry of default judgment."  *Shelton v. Marshall*, 724 F. Supp. 3d 532, 540 (W.D. Va. 2024).  "First, the non-defaulting party must move for entry of default under Rule 55(a)."  *Id.*  (citing Fed. R. Civ. P. 55(a)).  This entry of default by the Clerk's Office "provides notice to the defaulting party prior to the entry of default judgment by the court." *Id.* (citations omitted).  "Once the Clerk has entered default, the non-defaulting party may then move for entry of default judgment under Rule 55(b)." *Id.*

The Court has grave doubts that Wilcox ever received notice of this lawsuit as the "green card" acknowledging receipt of the summons and complaint does not appear to be signed by Wilcox.  ECF 14-1, at 1.  Regardless, the Court need not address this issue as Moore has never sought the Clerk's entry of default, a necessary precursor to default judgment.[13]  *See Hodges v. Washington Metro. Area Transit Auth.*, Civ. No. CBD-14-0891, 2014 WL 5797754, at *3 (D. Md. Nov. 5, 2014) ("Because proper service is a pre-requisite for an entry of default, and entry of default is a pre-requisite for a default judgment, this Court must deny Plaintiff's Motion [for default judgment].").  Accordingly, ECF 40 and ECF 60 are **DENIED**.

---

[13] Moore's failure to follow default judgment procedure has been noted by the Court in the past when he previously misrepresented that the Court had granted default judgment against Mayor Scott and was admonished to stop making false statements in his filings.  *See* ECF 62, at 2.

As to whether the case can proceed against Wilcox, the Court notes that it has the inherent authority to dismiss a complaint sua sponte if the allegations are frivolous. *See Alexander v. Dep't of Army*, Civ. No. DLB-21-2285, 2021 WL 4417080, at *1 (D. Md. Sept. 24, 2021) (collecting cases). Further, "under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted." *Harris v. Janssen Healthcare Prods.*, Civ. No. ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015). "Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted." *Id.* However, "district courts may only exercise their authority to sua sponte dismiss inadequate complaints if the procedure employed is fair to the parties. Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021).

Moore's initial complaint alleges that at some point in 2021, he "turned himself in at White Marsh Precinct 9 for a house arrest violation" where "Wilcox committed illegal fingerprinting with clear Scotch tape, tampering, attempted murder, an unlawful chokehold, and abuse of power." ECF 1, at 1. He alleges that whatever acts Wilcox took on that date amount to a violation of the Fourth and Fourteenth Amendments and thus are actionable under 42 U.S.C. § 1983. *Id.* at 3–4.

As with claims against other defendants, the allegations against Wilcox fail to offer "more than labels and conclusions," *Twombly*, 550 U.S. at 555, and provide no factual detail sufficient to show that Moore has a "more-than-conceivable chance of success on the merits." *Owens*, 767 F.3d at 396. Though Moore does sufficiently allege that Wilcox was a state actor for purposes of § 1983, he leaves the Court (and more importantly, Wilcox) to speculate as to how Wilcox violated Moore's constitutional rights beyond listing alleged causes of action or crimes, such as

17

"tampering" and "attempted murder."  ECF 1, at 1.  As such, dismissal is appropriate under Fed. R. Civ. P. 12(b)(6).

Even if Moore had properly stated a claim for whatever occurred in April of 2021, he faces a clear statute of limitations problem.  A claim may be dismissed under Rule 12(b)(6) if it clearly appears on the face of the complaint that the claim is barred by the statute of limitations.  *Parks v. Jhonson*, Civ. No. DLB-24-2214, 2025 WL 2695717, at *5 (D. Md. Sept. 22, 2025).  The limitations period begins to run when a claim accrues.  *See Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 388–89 (4th Cir. 2014).  A § 1983 claim accrues when a plaintiff "know[s] that he has been hurt and [knows] who inflicted the injury."  *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *United States v. Kubrick*, 444 U.S. 111, 122–24 (1979)).  The statute of limitations for § 1983 actions "is that which the State provides for personal injury torts."  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Under Maryland law, the statute of limitations for civil actions is generally three years.  *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101; *see also Owens*, 767 F.3d at 388 (applying Maryland's "three-year limitations period" for a personal-injury action to a § 1983 suit).  Moore alleges that the incident involving Wilcox occurred in 2021 and claims that the incident involved alleged conduct that would put Moore on immediate notice that he was hurt and that Wilcox was the one who inflicted the injury.  ECF 1, at 1.  Moore did not, however, file this suit until April 21, 2025, well beyond the three-year statute of limitations that would apply even if the Court considered the event to have occurred on the last day of 2021.  Dismissal is therefore appropriate on that ground as well.

To the extent Moore attempts to allege a conspiracy to violate § 1983 that might bring the suit within the three-year time limit, he similarly provides no explanation as to how Wilcox is connected to other events in the conspiracy.  *See generally* ECF 1.  He provides no connection

18

between Wilcox and the 2022 fire at MRDCC or the alleged "stabbing" occurring years later, beyond the allegation that Wilcox acted "in concert" with others to cause these two events. *Id.* at 3. Such bare-bones allegations of a conspiracy do not save Moore's complaint since even liberally construing Moore's claims, he has failed to make factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Ordinarily, the Court would afford Moore the opportunity to cure these deficiencies. However, the precise allegations against Wilcox at issue in this case formed the basis for a prior complaint Moore filed against Wilcox in 2024. *See* Civ. No. 24-2210-BAH ECF 1. In deciding that Moore had failed to state a claim against Wilcox in that case, the Court took "judicial notice of *Moore v. Wilcox, et al.*, Civ. No. 23-1931-BAH," yet another case in which Moore "brought suit against the same defendants for what appears to be the same claims." *Id.* Thus, this appears to be Moore's third attempt at suing Wilcox for whatever occurred in 2021. As was the case with the claims against Leonard and Mayor Scott, the Court notes that Moore has now had multiple attempts at curing the alleged infirmities in his allegations and further amendment to the complaint would be futile, particularly in light of the statute of limitations issue noted above. *Cozzarelli*, 549 F.3d at 630. The dismissal of all claims against Wilcox is with prejudice.

## IV.    Conclusion

For the reasons noted above, the Court **GRANTS** Moore's motion to amend his complaint, ECF 37, **GRANTS** in part and **DENIES** in part the motion at ECF 42, and further **GRANTS** motions to dismiss filed by Mayor Scott, ECF 46, and both motions to dismiss filed by Leonard, ECF 16 and ECF 27. The Motion to Dismiss at ECF 21 is **DENIED** as MOOT, as are the motions at ECF 28 and ECF 41. The Court will exercise its independent authority to dismiss the claim against Wilcox. The Court **STRIKES** ECF 20, Moore's "Notice of Dismissal." The Court will

also **DENY** two motions for sanctions found ECF 5 and ECF 49.  The motions for default judgment

at ECF 18, ECF 33, ECF 60, and ECF 69 are **DENIED**.  ECF 76 and ECF 77 are **DENIED**.  ECF

78 and ECF 79 are **DENIED** as moot since the claims underlying their requests are dismissed.

ECF 86 is **DENIED**.  A separate implementing order will follow.


Dated: <u>October 31, 2025</u>                                    <u>                    /s/                    </u>

                                                                        Brendan A. Hurson
                                                                        United States District Judge